Joseph S. Allerhand
Randi W. Singer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

David J. Nathan
Rosemary B. Boller
R. Jay Ginsberg
LEVIN & GLASSER, P.C.
420 Lexington Avenue, Suite 805
New York, New York 10170
(212) 867-3636

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BROADWALL MANAGEMENT CORP.,
JEFFREY MANAGEMENT CORP.,
250 PARK LLC, NORTH RIVERSIDE MEMBERS LLC,
CAUSEWAY LLC, 31-11 THOMPSON AVENUE LLC,
CLERMONT YORK ASSOCIATES LLC, 4 PARK
AVENUE ASSOCIATES, 87TH STREET SHERRY
ASSOCIATES LLC, MADISON LASALLE PARTNERS
LLC, 645 NORTH MICHIGAN LLC, GL METAIRIE
TOWERS LLC, TOWER 570 COMPANY, L.P.,
488 MADISON AVENUE ASSOCIATES LLC, FRENCH
PARTNERS LLC, 370 SEVENTH AVENUE ASSOCIATES LLC,
257 PARK AVENUE ASSOCIATES,
QUENTIN ROOSEVELT ASSOCIATES LLC,
841-853 BROADWAY ASSOCIATES LLC,

Index No. 13 CV 1185



                                    Plaintiffs,

v.

CENTURY COMMERCIAL, LLC,
CENTURY OPERATING CORP.,
CENTURY MANAGEMENT SERVICES, INC.,
THE CENTURY ORGANIZATION,
RICHARD BARRY, MITCHELL BARRY,
JUSTIN DERFNER, and ERIC DERFNER

                                   Defendants
------------------------------------------------------------------X

       Plaintiffs, by their attorneys, Weil, Gotshal & Manges LLP and Levin & Glasser, P.C., as

and for their Complaint against Defendants, Century Commercial, LLC, Century Operating

Corp., Century Management Services, Inc., The Century Organization, Richard Barry, Mitchell Barry, Justin Derfner and Eric Derfner, allege as follows:

## INTRODUCTION

1. This action for, inter alia, false advertising, unfair competition and reverse palming off arises out of Defendants' false and misleading advertising in which they claim to manage and/or operate real estate properties that are in fact, owned, operated and/or managed by Plaintiffs.

2. Plaintiffs are part of the "Feil Organization," the trade name for an established real estate development and management firm based in New York City. The Feil Organization, in existence for over fifty years, owns, manages and/or operates more than 26 million square feet of retail, commercial and industrial properties, over 5,000 residential units, as well as hundreds of net lease properties across the country. Jeffrey Feil controls, and through his wholly-owned management companies, manages, the Feil Organization's properties. Defendants Justin Derfner, Eric Derfner, Mitchell Barry and Richard Barry are Jeffrey Feil's nephews.

3. Upon information and belief, Defendants are engaged in commercial real estate management and investment in direct competition with Plaintiffs and have engaged in a pattern and practice of making blatantly false statements in an apparent attempt to trade on Plaintiffs' business relationships, goodwill, management reputation, and success. For example, Defendants recently disseminated a brochure which contains a detailed list of twenty-four (24) properties which the Defendants claim are "Century Commercial Properties." In fact, eighteen (18) of these properties are owned, controlled, operated and/or managed by the Plaintiffs.

4. Defendants' false statements have created confusion in the marketplace about Plaintiffs' services. If allowed to continue, Defendants' false advertising will damage Plaintiffs'

reputation, raise questions about Plaintiffs' ownership or management status and otherwise interfere with Plaintiffs' ability to conduct business. Accordingly, Plaintiffs bring this lawsuit under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), New York General Business Law § 349 and state common law and are entitled to injunctive relief and damages.

## THE PARTIES

5.  Plaintiffs are the owners of certain properties and/or the management company charged with overseeing the day to day business operations of hundreds of properties, including those located at:

1. 10 South LaSalle Street, Chicago, Illinois, owned by Plaintiff, Madison Lasalle Partners LLC as a tenant in common;

2. 645 North Michigan Avenue, Chicago, Illinois, owned by Plaintiff, 645 North Michigan LLC;

3. 433 Metairie Road Metairie, Louisiana, owned by Plaintiff, GL Metairie Towers LLC;

4. 570 Lexington Avenue, New York, New York, owned by Plaintiff, Tower 570 Company L.P.;

5. 488 Madison Avenue, New York, New York, owned by Plaintiff, 488 Madison Avenue Associates LLC;

6. 551 Fifth Avenue, New York, New York, owned by Plaintiff, French Partners LLC as a tenant in common

7. Seven Penn Plaza, New York, New York, owned by Plaintiff, 370 Seventh Avenue Associates LLC;

8. 257 Park Avenue South, New York, New York, owned by Plaintiff, 257 Park Avenue Associates;

9. 100 Quentin Roosevelt Blvd, Garden City, New York, owned by Plaintiff, Quentin Roosevelt Associates LLC;

10. 853 Broadway, New York, New York, owned by Plaintiff, 841-853 Broadway Associates LLC;

11. 250 Park Avenue South, New York, New York, owned by Plaintiff, 250 Park LLC;

12. 841 Broadway New York, New York, owned by Plaintiff, 841-853 Broadway Associates LLC;

13. 7501 West Cermak Road, North Riverside, Illinois, owned by Plaintiff, North Riverside Members LLC;

14. 3301 Veterans Memorial Blvd, Metairie, Louisiana, owned by Plaintiff, Causeway LLC;

15. 31-11 Thompson Avenue, Long Island City, New York, owned by Plaintiff, 31-11 Thomson Avenue LLC;

16. 445 East 80th St./444 East 82nd Street), New York, New York, owned by Plaintiff, Clermont York Associates LLC;

17. Four Park Avenue, New York, New York, owned by Plaintiff, 4 Park Avenue Associates;

18. 125 East 87th Street, New York, New York, owned by Plaintiff, 87th Street Sherry Associates LLC.

(collectively, the "Feil Organization Properties").

6. Plaintiff, BROADWALL MANAGEMENT CORP. ("Broadwall"), is a New York Corporation which is engaged in the business of property management with its principal place of business being located in the State, City and County of New York.

7. Plaintiff, JEFFREY MANAGEMENT CORP. ("Jeffrey Management") is a New York Corporation which is engaged in the business of property management with its principal place of business being located in the State, City and County of New York.

8. Broadwall, as agent of the respective owners, oversees the operation and management of those Feil Organization Properties that are located at: 433 Metairie Road Metairie, Louisiana; 3301 Veterans Memorial Blvd Metairie, Louisiana; 445 East 80th St./444

4

East 82nd Street, New York, New York; 7501 West Cermak Road, North Riverside, Illinois; Four Park Avenue, New York, New York; 125 East 87th Street New York, New York.

9. Jeffrey Management, as the duly authorized agent of the respective owners, oversees the operation and management of those Feil Organization Properties that are located at: 10 South LaSalle Street, Chicago, Illinois; 645 North Michigan Avenue, Chicago, Illinois; 570 Lexington Avenue New York, New York; 488 Madison Avenue, New York, New York; 551 Fifth Avenue New York, New York; Seven Penn Plaza, New York, New York; 257 Park Avenue South New York, New York; 100 Quentin Roosevelt Blvd, Garden City, New York; 841 Broadway, New York, New York; 853 Broadway, New York, New York; 250 Park Avenue South, New York, New York; 31-11 Thompson Avenue, Long Island City, New York.

10. Plaintiff, MADISON LASALLE PARTNERS LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of Delaware.

11. Plaintiff, 645 NORTH MICHIGAN LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of Delaware.

12. Plaintiff, GL METAIRIE TOWERS LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of Delaware.

13. Plaintiff, TOWER 570 COMPANY L.P. is a limited partnership which is duly formed and exists pursuant to the laws of the State of New York.

14. Plaintiff, 488 MADISON AVENUE ASSOCIATES LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of Delaware.

15. Plaintiff, FRENCH PARTNERS LLC is a limited liability company which is duly formed and exists pursuant to the laws of the State of New York.

US_ACTIVE:\44197613\3\44767.0009

16. Plaintiff, 370 SEVENTH AVENUE ASSOCIATES LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of New York.

17. Plaintiff, 257 PARK AVENUE ASSOCIATES, is a partnership which is duly formed and exists pursuant to the laws of the State of New York.

18. Plaintiff, QUENTIN ROOSEVELT ASSOCIATES LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of New York.

19. Plaintiff, 841-853 BROADWAY ASSOCIATES LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of New York.

20. Plaintiff, 250 PARK LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of New York.

21. Plaintiff, NORTH RIVERSIDE MEMBERS LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of New York.

22. Plaintiff, CAUSEWAY LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of Delaware.

23. Plaintiff, 31-11 THOMSON AVENUE LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of Delaware.

24. Plaintiff, CLERMONT YORK ASSOCIATES LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of New York.

25. Plaintiff, 4 PARK AVENUE ASSOCIATES, is a partnership which is duly formed and exists pursuant to the laws of the State of New York.

26. Plaintiff, 87TH STREET SHERRY ASSOCIATES LLC, is a limited liability company which is duly formed and exists pursuant to the laws of the State of New York.

27. Defendant, CENTURY COMMERCIAL, LLC is, upon information and belief, a limited liability company which is organized and exists pursuant to the laws of the State of New York, having a principal place of business in the State, City and County of New York. Defendants have represented to the public that Century Commercial LLC is "a new division of the long-established Century Organization" which will offer its clients real estate leasing, operation and management services, thereby attempting to place themselves in competition with the businesses operated by the Plaintiffs.

28. Defendant, CENTURY OPERATING CORP., is, upon information and belief, a New York corporation which has its principal place of business in the State, City and County of New York.

29. Defendant, CENTURY MANAGEMENT SERVICES, INC, is, upon information and belief, a New York corporation which has its principal place of business in the State, City and County of New York.

30. Defendant, THE CENTURY ORGANIZATION, is, upon information and belief, a business enterprise which is not organized and/or existing pursuant to the laws of any State, and is an unincorporated entity and/or trade name utilized by the Defendants.

31. Defendant, RICHARD BARRY (sometimes herein referred to as "Richard"), is a natural person who, upon information and belief, is the President of Century Operating Corp. and resides in and/or has a principal place of business in the State, City and County of New York.

32. Defendant, MITCHELL BARRY (sometimes herein referred to as "Mitchell"), is a natural person who, upon information and belief, is the Chief Executive Officer of Century Management Service Inc. and resides in and/or has a principal place of business in the State, City and County of New York.

US_ACTIVE:\44197613\3\44767.0009

33. Defendant, JUSTIN DERFNER (sometimes herein referred to as "Justin"), is a natural person who, upon information and belief, resides in and/or has a principal place of business in the State, City and County of New York.

34. Defendant, ERIC DERFNER (sometimes herein referred to as "Eric"), is a natural person who, upon information and belief, resides in and/or has a principal place of business in the State, City and County of New York.

35. Upon information and belief, Century Commercial LLC, Century Management Services, Inc., Century Operating Corp., and The Century Organization are engaged in commercial real estate investment and management.

36. Upon information and belief, the principals of Century Commercial LLC are defendants Eric Derfner, Justin Derfner, Mitchell Barry and Richard Barry.

## JURISDICTION AND VENUE

37. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367 because it is a civil action arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). This Court has supplemental jurisdiction of Plaintiffs' state and common law claims pursuant to 28 U.S.C. §§1367(a) and §1338(b).

38. This Court has personal jurisdiction over Defendants because Defendants reside in this judicial district and regularly engage in business and derive business from their activities within the State of New York. In addition, Defendants have committed tortious acts within this judicial district.

39. Venue is proper in this District under 28 U.S.C. §1391(b).

8

## FACTUAL ALLEGATIONS

40. For more than fifty years, the Feil Organization has owned, managed and operated retail, commercial and industrial properties, residential units, and net lease properties across the country. The Feil Organization has a 50-year track record of growth and profitability and enjoys an established reputation within the real estate and business community.

41. Upon information and belief, Defendants have engaged in a pattern or practice of intentionally and falsely claiming to members of the real estate community that they possess a business relationship with Plaintiffs in an effort to improperly benefit from Plaintiffs' proven name and reputation and associated goodwill.

42. By way of example, in early January 2013, Plaintiffs were contacted by a real estate broker who had received a copy of Defendants' brochure (the "Brochure"). The Brochure contains many false statements, including that Defendants manage and/or operate certain real estate properties that are, in fact, owned, operated and/or managed by Plaintiffs. (A copy of the Brochure is annexed hereto as Exhibit "A" and is incorporated herein by reference as if set forth at length herein).

43. In a section of the Brochure bearing the caption "Century Commercial Properties" a chart of properties is provided under the heading "Century Commercial Properties." Of the twenty-four (24) properties listed on the chart, only five (5) are, upon information and belief, actually controlled by Defendants. Eighteen (18) of the remaining nineteen (19) properties are owned, managed and/or controlled by Plaintiffs. The claim that these are "Century Commercial Properties" is therefore literally false. The "Century Commercial Properties" chart is reproduced below:

9

## PROPERTIES

| Address | Name | City | State | Type | Sq. Ft. |
|---|---|---|---|---|---|
| **OFFICE** | | | | | |
| 10 South LaSalle Street | | Chicago | IL | Office | 776,000 |
| 645 North Michigan Avenue | | Chicago | IL | Office | 100,000 |
| 433 Metairie Road | Metairie Tower | Metairie | LA | Office | |
| One Beacon Street | | Boston | MA | Office | 1,023,000 |
| 570 Lexington Avenue | Original RCA Victor Building | NYC | NY | Office | 450,000 |
| 866 Madison Avenue | | NYC | NY | Office | 147,000 |
| 551 Fifth Avenue | Fred F. French Building | NYC | NY | Office | 450,000 |
| Seven Penn Plaza | | NYC | NY | Office | 358,000 |
| 257 Park Avenue South | The Gramercy Park Building | NYC | NY | Office | 226,000 |
| 100 Quentin Roosevelt Blvd | The Garden City Center | Garden City | NY | Office | 200,000 |
| 853 Broadway | | NYC | NY | Office | 175,000 |
| 250 Park Avenue South | | NYC | NY | Office | 130,000 |
| 841 Broadway | The Roosevelt Building | NYC | NY | Office | 75,000 |
| **SHOPPING CENTERS** | | | | | |
| 7501 West Cermak Road | North Riverside Park Mall | North Riverside | IL | Retail | 1,111,322 |
| 3301 Veterans Memorial Blvd | Lakeside Shopping Center | Metairie | LA | Retail | 1,104,621 |
| **INDUSTRIAL** | | | | | |
| 40-42 Convent Avenue | | NYC | NY | Industrial | 75,000 |
| 31-11 Thompson Avenue | | Long Island City | NY | Industrial/Office | 164,085 |
| **MULTI-FAMILY WITH GROUND FLOOR RETAIL** | | | | | |
| 190 East 72nd Street | | NYC | NY | Multi-Family | |
| 175 East 72nd Street | | NYC | NY | Multi-Family | |
| 300 East 11th Street | | NYC | NY | Multi-Family | |
| 301 East 35th Street | | NYC | NY | Multi-Family | |
| 445 East 80th St / 434 East 82nd Street | The Claremont | NYC | NY | Multi-Family | 513,000 |
| Four Park Avenue | | NYC | NY | Multi-Family | 216,000 |
| 105 East 87th Street | The Sherry House | NYC | NY | Multi-Family | 42,000 |

44. Similarly, photographs of properties owned, managed and/or controlled by Plaintiffs appear throughout the brochure, including near descriptions such as "The Century Organization / Maximizing Asset Values for Three Generations" and on pages titled "Century Commercial Properties." The claim that these are "Century Commercial Properties" is literally false. One of the "Century Commercial Properties" pages with photographs is reproduced below:

10



45.     Moreover, the photographs of the Feil Organization Properties contained in the Brochure are owned and/or exclusively licensed to the Plaintiffs.

46.     None of Justin, Eric, Richard or Mitchell represent, manage, are employed by or have any authority to act on behalf of Plaintiffs and/or the Feil Organization Properties, though prior to 2007, Justin and Eric were formerly employed by Broadwall Management Corp.

11

47. Nevertheless, Defendants are intentionally and falsely claiming a business relationship between Defendants and Plaintiffs, as well as control and/or management of the Feil Organization Properties. For instance, the Brochure gives a detailed, and in many instances false, description of the history, business operations, and control of the "Feil Organization," together with the purported connection of the Defendants thereto.

48. After learning that Defendants were disseminating the Brochure, counsel for Plaintiffs contacted Defendants and demanded that they cease and desist from disseminating the Brochure and other materials containing false statements that any of Defendants represent or act on behalf of any business or property managed or operated by the Feil Organization and provide a list of all persons and entities to whom the Brochure was sent. Despite the fact that the Brochure was in circulation at least as recently as early January, 2013, counsel for Defendants responded that the Brochure was "no longer in use," refused to provide any additional information and refused to agree to refrain from making further false and misleading statements.

49. The Brochure and other statements and representations made by Plaintiffs have created confusion in the public as to the services provided by Defendants as well as to their relationship to the Feil Organization Properties.

## FIRST CAUSE OF ACTION
## FALSE ADVERTISING: 15 U.S.C. §1125(a)(1)(B)

50. Plaintiffs repeat and reallege the allegations of paragraphs 1 through and including 49 of this Complaint as if fully set forth herein.

51. Plaintiffs own, control, operate, and/or manage the Feil Organization Properties and are competitors of Defendants in the real estate industry.

US_ACTIVE:\44197613\3\44767.0009

52. Defendants' advertising and promotions contain false and/or misleading descriptions of fact as to the nature, characteristics and qualities of Defendants' and/ or Plaintiffs' services and commercial activities in violation of 15 U.S.C. §1125(a) (1) (b).

53. Defendants know or should know that these claims are false and misleading.

54. Upon information and belief, Defendants' false and misleading claims are likely to deceive or confuse a substantial segment of the relevant public.

55. Defendants' false and misleading claims are material and have influenced or are likely to influence decisions to use Defendants' and/or Plaintiffs' services.

56. Upon information and belief, Defendants offer their services in interstate commerce and have disseminated the false and misleading claims, including the Brochure, in interstate commerce.

57. Upon information and belief, Defendants' actions were intentional, deliberate and willful.

58. As a consequence of the foregoing, Plaintiffs have been and continue to be irreparably damaged by Defendants' false advertising, including by diversion of customers, lost profits, and injury to reputation.

### SECOND CAUSE OF ACTION
### UNFAIR COMPETITION/ REVERSE PALMING OFF – 15 U.SC. §1125(a)(1)(A)

59. Plaintiffs repeat and reallege the allegations of paragraphs 1 through and including 58 of this Complaint as if fully set forth herein.

60. Plaintiffs own, control, operate, and/or manage the Feil Organization Properties and are competitors of Defendants in the real estate industry.

61. Defendants' advertising and promotions contain false and/or misleading descriptions of fact as to the origin, nature, characteristics and qualities of Defendants' and/ or

13

Plaintiffs' services that are likely to cause confusion, or to cause mistake, or to deceive as to the nature and extent of the affiliation, connection, or association of Plaintiffs and Defendants, or as to the origin, sponsorship or approval of Plaintiff of Defendants' services and/or other commercial activities in violation of 15 U.S.C. §1125(a) (1) (A).

62. Defendants know or should know that these claims are false and misleading.

63. Upon information and belief, Defendants' false and misleading claims are likely to deceive or confuse a substantial segment of the relevant public.

64. Defendants' false and misleading claims are material and have influenced or are likely to influence decisions to use Defendants' and/or Plaintiffs' services.

65. Upon information and belief, Defendants offer their services in interstate commerce and have disseminated the false and misleading claims, including the Brochure, in interstate commerce.

66. Upon information and belief, Defendants' actions were intentional, deliberate and willful.

67. As a consequence of the foregoing, Plaintiffs have been and continue to be irreparably damaged by Defendants' false claims, including by diversion of customers, lost profits, and injury to reputation.

## THIRD CAUSE OF ACTION
## NEW YORK GENERAL BUSINESS LAW § 349

68. Plaintiffs repeat and reallege the allegations of paragraphs 1 through and including 67 of this Complaint as if fully set forth herein.

69. Defendants' advertising and promotions contain false and/or misleading descriptions of material fact as to the origin nature, characteristics and qualities of Defendants' and/ or Plaintiffs' services and commercial activities.

14

70. Upon information and belief, Defendants are engaging in an advertising campaign that is directed to potential customers, including customers in New York.

71. Defendants' advertising claims described above are materially misleading and deceptive.

72. Defendants' false claims constitute deceptive acts and practices in violation of New York General Business Law § 349.

73. As set forth above, Defendants' false advertising has caused and is causing substantial injury to Plaintiffs.

## FOURTH CAUSE OF ACTION
## STATE AND COMMON LAW UNFAIR COMPETITION

74. Plaintiffs repeat and reallege the allegations of paragraphs 1 through and including 73 of this Complaint as if fully set forth herein.

75. Defendants' conduct in preparing and distributing the Brochure constitutes unfair competition under New York State law and under the laws of the other states in which the Feil Organization Properties are located because Defendants' conduct has caused and is likely to continue to cause confusion or mistake, or to deceive as to the nature and extent of the affiliation, connection, or association of Plaintiffs and Defendants, or as to the origin, sponsorship or approval by Plaintiff of Defendants' services and commercial activities.

76. Defendants' bad faith actions constitute the misappropriation of a commercial advantage belonging to Plaintiffs.

77. Defendants were part of a common scheme designed to cause injury to Plaintiffs' business.

78.     As a consequence of the foregoing, Plaintiffs have been and continue to be irreparably damaged by Defendants' false claims, including by diversion of customers, lost profits, and injury to reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment as follows:

A.     An order directing an accounting by Defendants of their profits by reason of their false advertising and deceptive practices;

B.     An order for an injunction:

    (1) Permanently enjoining Defendants from distributing the Brochure or any other materials containing similar false statements;

    (2) Permanently enjoining Defendants from making false statements concerning the operation and management of the Feil Organization Properties (such as those contained in the Brochure);

    (3) Requiring an accounting of all person/entities to whom the Brochure or other materials containing false statements was distributed; and,

    (4) Requiring Defendants to issue and distribute a retraction of the false statements contained in the Brochure to all persons/entities to whom the Brochure was distributed;

C.     An award of all damages, compensation and monetary recovery to which Plaintiffs are entitled under law;

D.     A monetary award of all Defendants' profits derived from its false and misleading advertising, to be trebled in accordance with 15 U.S.C. § 1117;

E.  A monetary award to compensate Plaintiffs for all injury resulting from Defendants' false advertising and deceptive practices, including lost profits, injury to its market share, and expenditures for past or future corrective advertising to be trebled in accordance with 15 U.S.C. § 1117;

F.  An award of Plaintiffs' costs and disbursements in bringing this action, including its reasonable attorneys' fees;

G.  An award of exemplary or punitive damages sufficient to punish Defendants and to deter future misconduct; and

H.  An order granting Plaintiffs such other and further relief as this Court may deem just and proper.

Dated: New York, New York

February 21, 2013

By: /s/ Joseph S. Allerhand

WEIL, GOTSHAL & MANGES LLP
Joseph S. Allerhand
Randi W. Singer
767 Fifth Avenue
New York, New York 10153
(212) 310-8000 (Telephone)
(212) 310-8007 (Facsimile)
joseph.allerhand@weil.com
randi.singer@weil.com

LEVIN & GLASSER, P.C.
David J. Nathan
Rosemary B. Boller
R. Jay Ginsberg
420 Lexington Avenue, 8th Floor
New York, New York 10170
(212) 867-3636
(212) 661-2446 (Facsimile)
dnathan@levinglasser.com

17

                rboller@levinglasser.com
                jginsberg@levinglasser.com

                *Attorneys for Plaintiffs*

US_ACTIVE:\44197613\3\44767.0009